IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TERRANCE C.,**[1]<br><br>        Plaintiff,<br><br>        v.<br><br>**ANDREW M. SAUL, Commissioner of Social Security**,<br><br>        Defendant. | Case No. 3:20-cv-00113-IM<br><br>**OPINION AND ORDER** |

H. Peter Evans, Evans & Evans, PC, 520 SW Sixth Avenue, Suite 1050, Portland, OR 97204. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Frederick Fripps, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**IMMERGUT, District Judge**

        Plaintiff Terrance C. seeks review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI").

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

For the reasons that follow, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born on September 9, 1961 and has a tenth-grade education. AR 274, 314. Plaintiff initially filed for Disability Insurance Benefits ("DIB") on May 19, 2011, alleging disability since July 1, 2010. AR 70. After a hearing before Administrative Law Judge ("ALJ") Andrew Grace, on August 15, 2013, the ALJ found Plaintiff not disabled. AR 67, 69. On February 13, 2015, the Appeals Council denied Plaintiff's request for review. AR 85. The Commissioner's decision was subsequently affirmed by the United States District Court for the District of Oregon on August 11, 2016. *See Chen v. Colvin*, Case No. 3:15-cv-00594-SB, 2016 WL 4253961 (D. Or. Aug. 11, 2016).

Subsequently, Plaintiff filed another application for DIB and SSI on March 14, 2017.[2] AR 19. Before his alleged disability onset, Plaintiff worked as a hotel housekeeper and dishwasher, and as a caregiver. AR 314, 335. Plaintiff alleges disability due to depression. AR 313. Plaintiff's claim was initially denied on June 15, 2017, and again on reconsideration on September 29, 2017, after which Plaintiff requested a hearing. AR 202–217.

Plaintiff's hearing before ALJ John Michaelsen occurred on December 7, 2018. AR 39, 243. At the hearing, Plaintiff, through his representative, amended his alleged onset date to March 14, 2017, and withdrew his DIB application. AR 47. On January 18, 2019, the ALJ found Plaintiff not disabled and not entitled to SSI under the Social Security Act. AR 16–29.

---

[2] Excerpts from the record appear to suggest that Plaintiff actually filed this application for DIB and SSI on April 6, 2017. *See* AR 272–282. On remand, the ALJ should re-confirm the initial application date, as it dictates the regulations applicable to Plaintiff's case. *See generally* 20 C.F.R. § 404.1520c.

PAGE 3 – OPINION AND ORDER

The ALJ dismissed Plaintiff's request for another hearing for his DIB application. AR 29. On November 19, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 6–7. Plaintiff now seeks review of that ALJ's decision.

**B.  The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R.

PAGE 4 – OPINION AND ORDER

        §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id.; see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1099, 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the

PAGE 5 – OPINION AND ORDER

Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

**C.   The ALJ's Decision**

First, the ALJ noted the prior ALJ's unfavorable decision from August 2013, and found the presumption of continuing non-disability to be rebutted due to a change in age category and a change in mental impairment regulations. AR 19–20. Next, at the first step of the sequential analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 14, 2017, the amended alleged onset date. AR 22. At step two, the ALJ found the following severe impairments: history of osteoarthritis/sacroiliitis and ankylosing spondylitis, depressive disorder, and headaches. *Id.* The ALJ also noted that Plaintiff had the following non-severe impairments: psoriasis and anterior uveitis. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix. 1. AR 22–23.

After considering the evidence from Plaintiff's hearing and medical records, the ALJ found that "the record presents much of the same severity presented in the prior ALJ decision." AR 20. The ALJ further explained, "in the absence of material evidence, I find no greater exertional and mental restrictions than previously found in the prior ALJ decision." *Id.* The ALJ thus gave res judicata effect to the prior ALJ's RFC finding, stating Plaintiff had the capacity to:

>perform medium work . . . except that he would need to avoid concentrated exposure to temperature extremes, as well as, all exposure to unprotected heights, moving machinery, and similar hazards. He is further limited to simple, routine, repetitive tasks with no more than occasional contact with supervisors and coworkers. He can have no contact with the general public.

AR 23.

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a hotel housekeeper. AR 27. Proceeding to step five, the ALJ considered Plaintiff's age, education, work experience, and RFC, and testimony from the vocational expert. AR 28. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform. *Id.* These jobs included salvage laborer, hand packager, and "laundry worker II." *Id.*; AR 62. As a result, the ALJ found Plaintiff "not disabled." AR 28–29.

## DISCUSSION

Plaintiff contends that the ALJ erred in adopting the prior ALJ's RFC finding. Specifically, Plaintiff argues the ALJ should have incorporated the opinions of state agency reviewing psychologists Susan South, Psy.D, and Scott Kaper, Ph.D, into a new RFC determination. ECF 12 at 5–9. Plaintiff also argues the ALJ erred by failing to consider the opinion of Isabel Toledo-Silvestre, PMHNP, Plaintiff's treating nurse practitioner, in considering Plaintiff's RFC. *Id.* at 10–15. For the reasons set forth below, this Court agrees with Plaintiff, reverses the Commissioner's decision and remands for further proceedings.

### A. Legal Standards

In *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988), the Ninth Circuit observed that the principles of res judicata apply to administrative decisions, and that where a prior ALJ has made a finding of non-disability, there is a presumption that the claimant continues not to be disabled. The res judicata doctrine, however, "is applied less rigidly to administrative

PAGE 7 – OPINION AND ORDER

proceedings." *Id.* Where, as here, a social security claimant has previously filed for and been denied disability benefits, he must demonstrate "evidence of 'changed circumstances' in order to overcome a presumption of continuing non-disability." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (quoting *Chavez*, 844 F.2d at 693). Additionally, once the claimant provides that evidence, a prior ALJ's findings of RFC, education, and work experience "are entitled to some res judicata consideration." *Id.* An ALJ cannot reconsider those findings "absent new information not presented to the first [ALJ]." *Id.*

Thus, the presence of new and material information in a claimant's case allows the ALJ to provide an updated RFC, even if the new evidence is not "directly contradictory" to the original evidence: "the ALJ must simply find some evidence of a 'changed circumstance' that warrants departing from the previous finding." *Wilson v. Comm'r, Soc. Sec. Admin.*, No. 3:15-cv-00691-HZ, 2016 WL 1598867, at *4 (D. Or. Apr. 20, 2016) (citation omitted). In accordance with the *Chavez* doctrine, the Commissioner has instructed adjudicators to "adopt [an RFC finding] from the final decision" on a claimant's prior claim, "unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." Acquiescence Ruling ("AR") 97–4(9), 1997 WL 742758, at *3 (Dec. 3, 1997).

**B. Analysis**

In Plaintiff's case, the ALJ found that the presumption of continuing non-disability was rebutted because of a change in age category and a change in mental impairment regulations. AR 20. The ALJ then went on to find, however, "the record presents much of the same severity presented in the prior ALJ decision. As such, in the absence of material evidence, I find no greater exertional and mental restrictions than previously found in the prior ALJ decision." *Id.* (internal citation omitted). The ALJ thus gave res judicata effect to the prior ALJ's 2013 RFC

PAGE 8 – OPINION AND ORDER

determination, finding "the record did not present material evidence to warrant a significant change from the prior [RFC] finding for medium work." AR 24.

### 1. Susan South, Psy.D. & Scott Kaper, Ph.D.

Plaintiff first contends the ALJ erred by not properly considering the opinions of Susan South, Psy.D., and Scott Kaper, Ph.D, when assessing whether the record included material evidence sufficient to warrant a new RFC determination. ECF 12 at 5–9. The ALJ found that the record did not show any evidence of a significant change or worsening in the claimant's condition. AR 25. The ALJ discussed the medical opinions of Dr. South and Dr. Kaper, who "[b]oth opined [that Plaintiff retained] a capacity for performing 1 to 2-step tasks with brief, superficial interaction with coworkers and supervisors and no more than occasional interaction with the general public." AR 26 (citations omitted). The ALJ accorded great weight to both opinions, finding they were consistent with the record as a whole for the period at issue, and revealed "no significant decline from the previously adjudicated period . . . but rather much of the same signs on exam." *Id.* As such, the ALJ adopted the RFC from the 2013 proceedings, including a limitation to "simple, routine, repetitive tasks." AR 23.

Subsequently, at Step Four, based on the vocational expert's testimony and Plaintiff's RFC, the ALJ found that Plaintiff is capable of performing past relevant work as a hotel housekeeper. AR 27. According to the Dictionary of Occupational Titles (DOT), this job requires a GED Reasoning Level of Two.[3] DOT (4th ed. 1991) § 381.687–018, 1991 WL 673258

---

[3] As explained by the Ninth Circuit, "[t]here are six GED Reasoning Levels that range from Level One (simplest) to Level Six (most complex). The lowest two levels are:

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

(Cleaner, Industrial). At Step Five, based on the vocational expert's testimony, and considering the claimant's age, education, work experience and RFC, the ALJ concluded that Plaintiff was capable of performing at least three jobs: salvage laborer, hand packager, and "laundry worker II." AR 28, 61–62. According to the DOT, these jobs also require a GED Reasoning Level of Two. DOT (4th ed. 1991) § 929.687–022, 1991 WL 688172 (salvage laborer); *id.* § 920.587–018, 1991 WL 687916 (hand packager); *id.* § 361.685–018, 1991 WL 672987 (laundry worker II).

Plaintiff relies on the Ninth Circuit's intervening decision in *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996 (9th Cir. 2015), to explain the ALJ's error. In *Rounds*, the Ninth Circuit recognized an "apparent conflict" between a limitation of performing "one- and two-step tasks, and the demands of Level Two reasoning." *Id.* at 1003. As explained by the court, limiting a claimant to one- and two-step tasks more appropriately matches jobs requiring Level One reasoning, which asks a person to apply "commonsense understanding to carry out simple one-or two-step instructions." *Id*. By contrast, the Ninth Circuit noted that a limitation to "simple" or "repetitive" tasks is consistent with Level Two reasoning. *Id.* at 1004 n.6. Thus, Plaintiff contends, the opinions of Dr. South and Dr. Kaper, describing Plaintiff's capacity for only one to two-step tasks, and the Ninth Circuit's intervening opinion in *Rounds*, constitute "new and material" information warranting a redetermination of Plaintiff's RFC. ECF 12 at 8–9.

---

> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations."

*Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d, 996, 1002–03 (9th Cir. 2015) (quoting DOT (4th ed. 1991) App. C., § III, 1991 WL 688702) (internal citations omitted).

PAGE 10 – OPINION AND ORDER

*Rounds* makes clear that a limitation to one and two-step tasks is inherently more restrictive than the limitation to "simple, routine, repetitive tasks" accepted by the ALJ in Plaintiff's case. *See* 807 F.3d at 1003–04, 1004 n.6. Given this inconsistency, this Court finds that the ALJ erred by failing to address the apparent conflict between Dr. South and Dr. Kaper's medical opinions and the prior RFC finding before adopting the RFC. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (noting any conflict between a medical opinion and the RFC assessment must be addressed); *see also* AR 97-4(9), 1997 WL 742758, at *3 (instructing adjudicators to adopt a prior RFC finding unless "there has been a change in the law . . . affecting the finding or the method for arriving at the finding").

Further, this Court finds that the error was not harmless. This Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Rounds*, 807 F.3d at 1004 (quoting *Zavalin v. Colvin*, 778 F.3d 842, 848) (9th Cir. 2015) (internal quotation marks omitted). The ALJ failed to recognize or explain the apparent conflict between Dr. South and Dr. Kaper's medical opinions and the prior RFC finding as elucidated by the Ninth Circuit's intervening decision in *Rounds*. The RFC adopted by the ALJ included a limitation to "simple, routine, repetitive tasks," AR 23, which the ALJ subsequently relied on to find that Plaintiff is capable of performing past relevant work, or, in the alternative, jobs that exist in significant numbers in the national economy. AR 27–28. All of these jobs required Level Two reasoning. There is no explanation in the record as to why the ALJ adopted the prior RFC finding in light of the apparent conflict presented by the opinions of Dr. South and Dr. Kaper, and the *Rounds* decision. Absent any explanation, "the record does not support a conclusion that the ALJ's failure to resolve this apparent conflict was harmless error." *Rounds*, 807 F.3d at

1004. Accordingly, this Court remands this matter for further administrative proceedings regarding this issue.

### 2. Isabel Toledo-Silvestre, PMHNP

Plaintiff next argues that the ALJ erred by failing to properly consider the opinion of Isabel Toledo-Silvestre, a nurse practitioner, before adopting the prior ALJ's RFC finding. ECF 12 at 10–15. Plaintiff states that in rejecting Ms. Toledo-Silvestre's opinion, the ALJ stated erroneously that it was evidence from the previously adjudicated period. *Id.* at 11 (citing AR 27). Plaintiff contends the ALJ failed to offer germane reasons for rejecting her testimony, and if properly considered, Plaintiff argues the testimony offers "new and material evidence" requiring the ALJ to redetermine Plaintiff's RFC. *Id.* at 10–15.

Ms. Toledo-Silvestre was Plaintiff's treating nurse practitioner, responsible for his psychiatric medication management in 2014 and 2015, a period unadjudicated by the prior ALJ. AR 498, 504, 508, 511, 513. During these psychiatric visits, Ms. Toledo-Silvestre diagnosed Plaintiff with major depressive disorder and traumatic brain injury ("TBI") with cognitive compromise. AR 499, 510, 516. Ms. Toledo-Silvestre also observed Plaintiff's cognitive functioning difficulty. For example, on September 18, 2014, she noted during a mental status examination that Plaintiff has cognitive challenges due to TBI, memory challenges, and a slow thought process with repetitive thoughts and incomplete thoughts and sentences. AR 516. On October 20, 2014, she stated that Plaintiff "has strong clear cognitive compromises" and his thought process is "very slow." AR 512. She stated that "for anybody who treats his health, this patient needs a great deal of time to make sure that we gather all relevant information and print a plan to review with [patient] slowly to make sure he understands it." *Id.*

On December 11, 2014, Ms. Toledo-Silvestre stated again that Plaintiff's thought process and speech were "very slow," although he seemed to understand all of the information presented

PAGE 12 – OPINION AND ORDER

to him. AR 505. She also noted his memory appeared intact, although he was unable to explain the past clearly and in detail due to his cognitive compromise secondary to brain injury. *Id.* On February 26, 2015, Ms. Toledo-Silvestre opined, "[Patient] very clearly cannot work, he has TBI and his thought process and speech are very compromise[d], unable to do any type of job even low stress. In addition, [patient] has [symptoms] of depression and anxiety that add to his inability to work." AR 499–500 (emphases omitted).

In his decision, the ALJ did not discuss the opinion of Ms. Toledo-Silvestre specifically, but stated the following: "The record presented other opinion evidence, which the undersigned accords no weight as such evidence stemmed from the previously adjudicated period." AR 27 (citation omitted). However, Ms. Toledo-Silvestre's opinion was not part of the previously adjudicated period. Her opinions were dated October 2014 and February 2015, and the prior ALJ decision was issued on August 15, 2013. AR 67, 498–500, 511–12. The Commissioner does not appear to dispute that the ALJ's comments were made in error. ECF 13 at 6–7 (arguing only that any error the ALJ committed in evaluating Ms. Toledo-Silvestre's opinion was harmless).

Lay witness testimony such as Ms. Toledo-Silvestre's is competent testimony that an ALJ must consider. *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). An ALJ may only discount lay witness testimony by providing reasons that are germane to each witness. *Dodrill*, 12 F.3d at 919; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). When an ALJ fails to comment on lay witness testimony, the reviewing court must determine if the error is harmless, *i.e.* "inconsequential to the ultimate nondisability determination in the context of the record as a whole." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (citations and internal quotation marks omitted).

PAGE 13 – OPINION AND ORDER

Plaintiff argues that the ALJ's improper rejection of Ms. Toledo-Silvestre's opinion is harmful error because it has the potential to impact the nondisability determination. ECF 12 at 12. This Court agrees. Ms. Toledo-Silvestre opined that Plaintiff needs written instructions and these instructions need to be reviewed carefully with Plaintiff to make sure he understands them. This evidence conflicts with the adopted RFC allowing only occasional interaction with supervisors and coworkers. AR 23. Ms. Toledo-Silvestre also opined that Plaintiff's thought process and speech are "very compromise[d]" and "very slow." *See, e.g.,* AR 499–500, 512. Plaintiff's apparent difficulty with pace is potentially incongruous with the adopted RFC, which only limits Plaintiff to simple, routine, repetitive tasks. *See Feltis v. Astrue*, No. 2:11–cv–00723 KJN, 2012 WL 2684994, at *4 (E.D. Cal. July 6, 2012) (finding a plaintiff's RFC "materially incomplete" because it included a reference to "simple routine tasks" but did not reflect the "substantial weight" given to evidence of the plaintiff's difficulty with pace and endurance); *cf. Brink v. Comm'r Soc. Sec. Admin.*, 343 F. App'x 211, *1 (9th Cir. 2009) (holding an ALJ's initial hypothetical question to a vocational expert referencing only "simple, repetitive work" without including limitations on "concentration, persistence, or pace" was error). Indeed, the vocational expert testified at Plaintiff's hearing that if an individual is off task for 10–15% of a workday, then he would be written up, and after three write-ups, he would be terminated, AR 63, illustrating the potential implications of challenges with pace.

Other evidence in the record during the unadjudicated period also supports the opinion of Ms. Toledo-Silvestre. For example, on March 22, 2017, treating provider Karin Briggs, NP, stated in her objective findings that Plaintiff recalls remote events well, but he had a concentration problem, he has multiple word-finding pauses, and it is unclear if his intelligence is below average or if he is slow. AR 465–67. Ms. Briggs diagnosed Plaintiff with a head injury,

unspecified, and explained that Plaintiff has "[v]ery slow mentation. Difficult to follow and this is his baseline." AR 467.

In medical records from Plaintiff's August 29, 2017 meeting with Syrett Torres, Psy.D., Dr. Torres noted that Plaintiff was tangential throughout the appointment, and the in-person interpreter "expresse[d] some confusion regarding [Plaintiff's] responses." AR 798–99. Dr. Torres opined that Plaintiff's presentation may be consistent with head injury issues and lifelong memory concerns. *Id*. On September 12, 2017, Dr. Torres stated that Plaintiff presented with continued depression which may be associated with chronic pain and psychosocial stressors. AR 800. Dr. Torres recommended that Plaintiff return "to further address this writer's concerns about neurocognitive processing." *Id*. On January 31, 2018, Dr. Torres noted that Plaintiff was alert and oriented, but difficult to track, and that there were continued memory concerns. AR 806.

On November 16, 2017, rheumatologist Jenna McGoldrick, M.D., stated that it was "[v]ery difficult to interview" Plaintiff, and "[h]e [was] not capable of relaying a fluent history due to his brain injury (? Memory deficit, ? Aphasia, ?finding words, etc.)." AR 755. On May 17, 2018, Candice Hunter, FNP, stated that Plaintiff had baseline delayed speech and thought process. AR 809. On June 7, 2018, Ms. Hunter referred Plaintiff to neuropsychology to get an opinion on how to best treat Plaintiff's depression and traumatic brain injury. AR 824. On September 13, 2018, Plaintiff reported to Mary Ann Galagate Muth, DO, that a doctor had tried to call him to set up an appointment. Plaintiff tried to return the call but was confused, so he did not set up an appointment. AR 825.

In light of this evidence, the record does not support a conclusion that the ALJ's failure to consider Ms. Toledo-Silvestre's lay testimony was harmless error. The ALJ failed to provide

PAGE 15 – OPINION AND ORDER

germane reasons for rejecting her testimony. *See Dodrill*, 12 F.3d at 919. Absent such reasons, and in consideration of the content of testimony and the context of the record as whole, this Court cannot conclude that the testimony was "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1122 (citations and quotation marks omitted). This is particularly salient where, as here, the ALJ adopted a prior ALJ's RFC, without considering whether Ms. Toledo-Silvestre's testimony constituted "new and material" evidence sufficient to redetermine Plaintiff's RFC. Accordingly, this Court remands this matter for further administrative proceedings regarding this issue.

## C. The Proper Remedy

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari,* 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.,* 775 F.3d 1090, 1099–1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings and the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id*. at 1100.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were

PAGE 16 – OPINION AND ORDER

such evidence credited. *Id.* (citation omitted). The second and third prongs of the test often merge into a single question: whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.7 (citations omitted).

Here, the ALJ erred in adopting a prior ALJ's RFC finding without resolving its apparent conflict with the new medical opinion testimony of Dr. South and Dr. Kaper. The ALJ also erred by rejecting Ms. Toledo-Silvestre's opinion without providing germane reasons for doing so. Accordingly, the Court concludes it should reverse and remand this matter for further administrative proceedings to: (1) evaluate whether the medical opinions of Dr. South and Dr. Kaper constitute "new and material information" in light of *Rounds*, requiring a redetermination of Plaintiff's RFC; and (2) properly consider Ms. Toledo-Silvestre's opinion or provide adequate justification for rejecting her testimony.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 15th day of February, 2021.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge

PAGE 17 – OPINION AND ORDER